Argued and submitted January 27, order suppressing evidence reversed and modified, case remanded March 26, State's reconsideration and Owen's reconsideration denied May 9, both petitions for review allowed May 30, 1986 (301 Or 193)

STATE OF OREGON,
*Appellant,*

*v.*

JOETTA RENEE OWENS,
*Respondent.*

(85050972; CA A36677)

715 P2d 1351

Christine Chute, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Thomas J. Reuter, Lebanon, argued the cause for respondent. With him on the brief was Morley, Thomas, Kingsley & Reuter, Lebanon.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant is charged with possession of a controlled substance. The state appeals from a pretrial order suppressing evidence seized from her purse at the time of her arrest.

Defendant was observed by a Payless Drug Store security officer taking several items from the shelves in the store and putting them in her purse. The security officer stopped her after she had left the store. At first she denied shoplifting but finally admitted it and returned to the store with the security officer. Defendant refused to empty her purse but did remove some perfume and earrings, which she admitted she had stolen. A police officer arrived as defendant was being advised of her *Miranda* rights. He asked her permission to search her purse. She refused, stating that everything she had taken was on the table. She then began handing the officer things from her purse. She pulled out a small clutch purse, opened it and permitted the officer a brief glimpse of its contents, then closed it.

The officer asked defendant to permit him to have a closer look at the clutch purse, because he thought he saw some items "that she possibly shouldn't be having." He testified that he had seen what appeared to be a mirror case and a brown vial containing white powder and that, based on his experience, he believed that what he had seen was narcotics paraphernalia. Defendant eventually handed the clutch purse to the officer after he said that he would take it from her. In searching it, he found, in addition to the items he had already observed, a clear plastic packet containing white powder. When asked about the vial and packet, defendant said that they were not hers and that she thought that the powder was cocaine. The officer seized the clutch purse and its contents and sent them to a crime laboratory for analysis.

The trial court ruled that the search of the purse was not reasonably related to defendant's arrest for theft, and suppressed the evidence. We conclude that the search of defendant's purse, including the small clutch purse within the purse, was reasonably related to defendant's arrest for theft and was reasonable in time, scope and intensity. *State v. Caraher,* 293 Or 741, 653 P2d 942 (1982). The officer was not required to believe defendant's statement that everything that she had stolen was on the table. Although the state concedes

that a search for controlled substances would exceed the scope of a search permissible incident to defendant's arrest for theft, it contends that, when the officer observed lawfully what he reasonably believed to be contraband, he was entitled to seize those items. *State v. Herbert,* 75 Or App 106, 705 P2d 220, *rev allowed* 300 Or 332 (1985). We agree.

However, the later warrantless search of the small brown vial and packet containing white powder, without defendant's consent and in the absence of exigent circumstances, was unlawful. *State v. Lowry,* 295 Or 337, 667 P2d 996 (1983); *State v. Westlund,* 75 Or App 43, 705 P2d 208, *rev allowed* 300 Or 332 (1985).

Accordingly, the order suppressing evidence is reversed and modified to suppress evidence of the laboratory analysis of the contents of the vial and packet seized from defendant's clutch purse; the case is remanded for trial.